15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rafael CALLEJAS-PERALTA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70353.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1993.
Decided Jan. 11, 1994.
 
 Before: REINHARDT and T.G. NELSON, Circuit Judges, and KAUFMAN,* District Judge.
 MEMORANDUM**
 Rafael Callejas-Peralta appeals the Board of Immigration Appeals ("BIA") decision denying him a waiver of inadmissibility filed under 8 U.S.C. Sec. 1182(c).
 FACTS AND PROCEEDINGS BELOW
 Callejas-Peralta is a 56 year old native of Honduras who came to the United States as a lawful permanent resident on November 5, 1956. On March 14, 1986, Callejas-Peralta pleaded guilty and was convicted in the Superior Court of California, County of Los Angeles for the sale of cocaine. Callejas-Peralta was, on March 29, 1988, served by the Immigration and Naturalization Service ("INS"), with an Order to Show Cause, stating that he was subject to deportation due to his narcotics conviction pursuant to 8 U.S.C. Sec. 1251(a)(2)(B)(i).[1]
 During a deportation hearing on May 27, 1988, before the Immigration Judge ("IJ"), Callejas-Peralta admitted a series of about seven convictions, including two jail terms, for indecent exposure beginning around 1967, stating that he had previously exposed himself about every month or two in libraries, but claiming that he was presently rehabilitated. As for his conviction for selling cocaine, involving a transaction in which he stood to earn $700, Callejas-Peralta said that he was pressured into it by a fellow inmate whom he met while serving time in prison for indecent exposure. Callejas-Peralta explained that he sold the cocaine because he needed the money to pay his rent, that he regretted such action, and that he understood the harm caused by drugs. Additionally, Callejas-Peralta emphasized that his family would suffer hardship if he were deported.
 The IJ, after determining that the conviction document submitted to him was competent evidence that Callejas-Peralta was deportable under 8 U.S.C. Sec. 1251(a)(2)(B)(i), proceeded to consider Callejas-Peralta's application for a waiver of inadmissibility pursuant to 8 U.S.C. Sec. 1182(c). The IJ decided that Callejas-Peralta was statutorily eligible for the waiver since he had satisfied the seven-year residency requirement of that section. The IJ went on to discuss whether he should exercise his discretion to grant the waiver sought by Callejas-Peralta. Applying the factors set forth in Matter of Marin, 16 I & N 581 (BIA1978), the IJ determined he should not so exercise his discretionary authority. In Callejas-Peralta's favor, the IJ noted that Callejas-Peralta had lived in the U.S. for thirty-two years, was married to a U.S. citizen, and had three children born in the U.S. However, the IJ concluded that those considerations were outweighed by the following adverse factors: 1) the large amount of drugs sold (eight ounces); 2) the fact that the drug arrest occurred only two months after Callejas-Peralta's most recent release from prison after serving time for indecent exposure; 3) the indecent exposure convictions; 4) Callejas-Peralta's statements to a prison psychiatrist that he was serving time for his first offense; and 5) his (the IJ's) conclusion that Callejas-Peralta had not shown that he had been rehabilitated. The IJ also found that Callejas-Peralta and his family would not suffer hardship because his children were grown and his wife was seeking a divorce. Finally, the IJ doubted Callejas-Peralta's candor given his statements to the prison psychiatrist relating to his prison record.
 Callejas-Peralta appealed to the BIA, which reweighed the factors bearing upon Callejas-Peralta's request for a waiver of inadmissibility, agreed with the IJ, and therefore dismissed the appeal. It considered lack of rehabilitation a significant factor and relied heavily on the IJ's adverse credibility finding in its assessment. The BIA also rejected Callejas-Peralta's claim on appeal that his deportation hearing should have been in Los Angeles, where he was a resident and where he was served with the order to show cause in connection with his deportation, rather than in El Centro, where he was being detained by the INS, and that his due process rights were violated as a result. In this Court, Callejas-Peralta challenges the BIA's refusal to grant the waiver of inadmissibility and raises the aforementioned due process claim.
 ANALYSIS
 Aliens are entitled to relief from deportation under 8 U.S.C. Sec. 1182(c) if they are both statutorily eligible and if the Attorney General grants discretionary relief. Callejas-Peralta contends that the BIA erred in affirming the IJ's finding that he was not a credible witness.
 Both the IJ and the BIA found that Callejas-Peralta lacked credibility because of a prison psychiatrist's report which was admitted during the hearing before the IJ. That report states that Callejas-Peralta had voluntarily visited the prison psychiatrist during his incarceration for the narcotics conviction and that during a consultative session with the psychiatrist had stated that, "this is his first offense and he has never been in prison before." The psychiatrist remarked in his report, "It seems as if he is telling the truth about this being his first offense." The IJ found that Callejas-Peralta's ability to persuade the psychiatrist concerning the truthfulness of that false statement "cast[s] some shadow into the respondent's credibility in this case."
 The BIA, in affirming, stressed that it "accord[s] much weight to the immigration judge's doubt regarding the respondent's credibility and agree[s] with his determination." The BIA stated that the doctor's report "leaves doubt as to his candidness and honesty during the hearing," and although noting that there were no "conflicts or contradictions" in Callejas-Peralta's testimony in the hearing itself before the IJ, expressed the view that his above referred statement to the psychiatrist cast doubt with regard to petitioner's credibility. Although Callejas-Peralta offered possible theories of a misunderstanding by the doctor, the BIA found them "reaching." Thus, Callejas-Peralta's alleged lack of candor when talking with the prison psychiatrist caused both the IJ and the BIA to conclude that Callejas-Peralta had not shown that he was rehabilitated.
 Adverse credibility findings are reviewed by this Court to determine if they are supported by substantial evidence. Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987). A finding by the IJ or the BIA that a witness lacks credibility, must be supported by a "specific, cogent reason." Id. (quoting Damaize-Job v. INS, 787 F.2d 1332, 1338 (9th Cir.1986) (quoting Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir.1981)). "When the Immigration Judge provides specific reasons for questioning a witness's credibility, this court may evaluate those reasons to determine whether they are valid grounds upon which to base a finding that the applicant is not credible." Vilorio-Lopez v. INS, 852 F.2d 1137, 1142 (9th Cir.1988) (citing Damaize-Job, 787 F.2d at 1337-38).
 In light of the record below, we conclude that Callejas-Peralta's statement to the psychiatrist was an inadequate basis for a finding by the IJ or the BIA that Callejas-Peralta lacked credibility. To begin with, Callejas-Peralta's statement that he had "never been in prison before" and that this was his "first offense" is not necessarily inconsistent with the fact that he had previously been in jail on misdemeanor exposure charges, and can be viewed as somewhat ambiguous. Callejas-Peralta may well have been differentiating in his own mind between, on the one hand, confinement in jail on indecent exposure charges and, on the other hand, confinement in prison on a drug charge. In other cases, we have not accepted a credibility rejection by an IJ and/or by the BIA unless the basis for such rejection has been sufficiently convincing. See Damaize-Job, 787 F.2d at 1337 (rejecting an adverse credibility finding based on an alien's failure to marry the mother of his children); Aguilera-Cota v. INS, 914 F.2d 1375, 1382-83 (9th Cir.1990) (rejecting an adverse credibility finding based on an alien's failure to include in his asylum application certain information about which he testified orally).
 Further, and in our view most important, Callejas-Peralta's statement about his past record must be considered in tandem with his extensive testimony in the hearing before the IJ. During that hearing Callejas-Peralta revealed incidents above and beyond those with which he was charged and above and beyond those which were otherwise presented to the IJ. That type of candor strongly supports the credibility of Callejas-Peralta and far outweighs the type of questionable inferences drawn by the IJ and the BIA regarding credibility based upon Callejas-Peralta's isolated, single statement to the prison psychiatrist. In that light, we conclude that the IJ's, and the BIA's, adverse credibility finding is not supported by substantial evidence.
 We note that the BIA's finding of lack of rehabilitation was based, in large part, on the IJ's adverse credibility determination, a determination we have found to be unsupported by the record. If rehabilitation is credited, it would be, in part, because it is determined that the mental and emotional problems that caused Callejas-Peralta to expose himself have been addressed. Under such circumstances there would be no cause for denying a waiver of inadmissibility because of his earlier conduct. The only significant remaining negative factor weighing against granting a waiver would be Callejas-Peralta's drug conviction. The BIA would then have to decide whether, standing alone, Callejas-Peralta's single conviction for a drug transaction in which he stood to earn $700 is so grave that it outweighs the outstanding equities he has demonstrated. Callejas-Peralta is 56 years old, has spent his entire adult life in the United States, and has been gainfully employed here. His strong family ties in this country, coupled with his lack of family in Honduras, mean that deportation could cause both him and his family extreme hardship. Accordingly, we conclude that the BIA must be required to reconsider Callejas-Peralta's request for waiver of inadmissibility.
 Callejas-Peralta also contends that his due process rights were violated because his deportation proceeding took place in El Centro, California, where he was being held in custody by the INS, rather than in Los Angeles where he was a resident and where he was served with an order to show cause in connection with his deportation. However, the record indicates that Callejas-Peralta at no time asked the INS for a change in venue of the hearing; therefore, Callejas-Peralta seemingly waived any presentable defect in that regard. In any event, Callejas-Peralta was represented by counsel at his hearing and has not demonstrated any prejudice to his case which resulted from holding the hearing in El Centro. Accordingly, his due process claim lacks merit.
 We remand to the BIA to weigh the factors bearing on the waiver of inadmissibility in the proper exercise of its discretion. The panel will retain jurisdiction over any further motions or petitions arising out of these proceedings.
 REMANDED.
 
 
 
 *
 Honorable Frank A. Kaufman, Senior United States District Judge for the District of Maryland, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Callejas-Peralta was charged in the Order to Show Cause and later found deportable under former section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1251(a)(11). The Immigration Act of 1990 recodified section 241(a)(11) as section 241(a)(2)(B), 8 U.S.C. Sec. 1251(a)(2)(B)(i)